Curtis Graylin SIMMONS,
Petitioner—Appellant,

v.

Dora B. SCHRIRO, et al.,
Respondents—
Appellees.

No. 04–17153.

United States Court of Appeals,
Ninth Circuit.

Argued and submitted Feb. 16, 2006.

Filed June 30, 2006.

Curtis Graylin Simmons, Globe, AZ, pro se.

Gail Gianasi Natale, Esq., Law Office of Gail Gianasi Natale, Phoenix, AZ, for Petitioner–Appellant.

Jim D. Nielsen, Esq., Office of the Arizona Attorney General, Phoenix, AZ, for Respondents–Appellees.

Before: ALARCÓN and McKEOWN, Circuit Judges, and HOLLAND,* Senior District Judge.

MEMORANDUM **

Arizona state prisoner Curtis Graylin Simmons appeals the dismissal of his § 2254 petition. This court granted a Certificate of Appealability ("COA") as to whether the district court erred in invoking the procedural default doctrine to pre-

---

* The Honorable H. Russel Holland, Senior District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

clude review of Simmons' Sixth Amendment claims because the state misapplied its procedural bars to his April 16, 2002 Petition for Post–Conviction Relief ("PCR petition").[1] We expand the COA to include the issue of whether the district court erred in dismissing Simmons' § 2254 petition without considering his due process claim based on the state trial court's failure to rule on the merits of the motion for reconsideration of the denial of his *first* PCR petition. Simmons has made the necessary " 'substantial showing of the denial of a constitutional right' " as to the motion for reconsideration issue. *Hiivala v. Wood,* 195 F.3d 1098, 1104 (9th Cir.1999) (quoting 28 U.S.C. § 2253(c)(2)). Although his § 2254 petition is not written with complete clarity, it can fairly be read as raising a federal due process claim based on the motion for reconsideration, and reasonable jurists would find it debatable whether the district court was correct in dismissing Simmons' petition without considering this due process claim.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253, and we affirm, in part, reverse, in part and remand with instructions to stay Simmons' § 2254 petition pending resolution of the outstanding motion for reconsideration in state court. We also grant Simmons' motion to expand the record to include a copy of the motion for reconsideration of the state trial court's denial of his first PCR petition.

■ The district court did not err in invoking the procedural default doctrine to preclude federal review of Simmons' Sixth Amendment claims raised in his second PCR petition. "For the procedural default doctrine to apply, 'a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default.' " *Calderon v. United States Dist. Court for Eastern Dist. of*

*Cal.,* 96 F.3d 1126, 1129 (9th Cir.1996). (quoting *Wells v. Maass,* 28 F.3d 1005, 1010 (9th Cir.1994)). The state trial court dismissed Simmons' second PCR petition because it was time barred under Rule 32.4(a) of the Arizona Rules of Criminal Procedure and because the claims raised in the petition were precluded pursuant to Rule 32.2 of the Arizona Rules of Criminal Procedure. Both of these rules are clear and were well-established at the time Simmons filed his second PCR petition. Having concluded that Simmons' Sixth Amendment claims were procedurally defaulted, the district court properly considered whether the default could be excused and in doing so, assessed the relative merits of Simmons' claims as part of its prejudice analysis. The district court correctly concluded that Simmons had failed to show prejudice to excuse the procedural default.

■ The district court did err in dismissing Simmons' § 2254 petition in its entirety without considering Simmons' due process claim based on the state trial court's failure to rule on the motion for reconsideration of his first PCR petition. Although we could remand to the district court to consider this due process claim in the first instance, such a remand is not necessary here. There is no additional factual development required, *see Taylor v. Maddox,* 366 F.3d 992, 1008–09 (9th Cir.2004), and it is clear that the state court's failure to rule on Simmons' motion for reconsideration was a denial of his due process rights under the Fourteenth Amendment. *See Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 433, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982) ("As our decisions have emphasized time and again, the Due Process Clause grants the aggrieved party the opportunity to present his case and have its merits fairly judged."). Thus,

1. The April 16, 2002 petition was the second PCR petition filed by Simmons. His first PCR petition, filed on October 18, 2001, was summarily dismissed by the state trial court.

Simmons' § 2254 petition should not have been dismissed in its entirety because Simmons had a viable due process claim based on the state trial court's failure to rule on the motion for reconsideration. Accordingly, we remand with instructions to the district court to stay this portion of the § 2254 petition in order to give the state court an opportunity to correct its constitutional error.[2] The panel will retain jurisdiction over any subsequent appeal in this case.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

---

2. This is not to suggest that Simmons did not exhaust his due process claim based on the motion for reconsideration. Simmons argued before the state supreme court that the failure to address the merits of his first PCR petition was a "clear violation of the law."